WILLIAMS, Senior Circuit Judge, '
concurring:
I concur fully in the court’s opinion, and write separately only to note problems with the assumption that an award of current rates is a suitable means for compensating counsel for delay in the payment of fees.
A number of variables are relevant. Three simple examples will illustrate some basic problems. In two, use of current rates may undercompensate; in the third, it may overcompensate.
First, suppose that over the relevant period there has been zero general price inflation, no price inflation has been expected,[1] and lawyers’ compensation has, along with average prices, been flat. In such a case current rates will simply be the same as the historic rates. On these facts, use of current rates will not in fact compensate for delay in payment.
Second, assume now there has been general price inflation and that lawyers’ compensation has moved exactly in tandem with the CPI. While use of current rates would compensate for inflation, it would not compensate for the delay in payment. In economic substance, the results are the same as in the first case.
Third, assume the existence of general price inflation (in line with expected inflation) and a considerably higher rate of increase in lawyers’ compensation. This in fact appears to have been the case in the 25 years from 1987 to 2012, with an increase in lawyers’ remuneration roughly twice the increase in prices generally. See http://metricmash.com/349k (last visited May 29, 2013). In such a case, obviously, use of current rates may well overcompensate the lawyer, giving him high pay for work performed in a period of (relatively) modest compensation.
Further complication is added if the individual lawyer in question is able in the later period to command higher rates than before, in line with growing experience and reputation. Of course the lawyer’s work will often be spread over several years, and thus command varying rates over the periods performed. Compensation at current rates for the entire period would compensate a relatively junior attorney at more than he or she would have commanded in the earlier period(s).
Accordingly, although one can certainly construct a case where use of current rates would yield a figure giving roughly correct compensation for delay, there is no general principle supporting such use. Given the complications in assessing the suitability of using current rates, plus the improvements in ability to secure interest rate data and to make the computations necessary for straightforward addition of interest, I suspect it will in most and perhaps all cases be easier and more accurate for courts, when they believe that it is suitable to compensate for delay, to do so simply by awarding interest at the nominal rate(s) prevailing over the period(s) of delay.

. Long-run nominal interest rates are a function of real interest rates and expected inflation. Of course expected inflation may differ from realized inflation. I’m telescoping the two for simplicity’s sake.